**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001

Attorneys for Defendant American Airlines, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUSTIN FRANCO,<br><br>    Plaintiff,<br><br> v.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendant. | Case No.: 21-cv-5918 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant American Airlines, Inc. ("Defendant"), hereby removes this action from the Supreme Court of the State of New York, County of New York, where it is pending, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Defendant states as follows:

  **I.**  **PROCEDURAL HISTORY OF STATE COURT ACTION**

  1. On or about May 5, 2021, Plaintiff Justin Franco ("Plaintiff") commenced an action against Defendant, entitled <u>Justin Franco v. American Airlines, Inc.</u>, Index No. 154382/2021, in the Supreme Court of the State of New York, County of New York by filing a Summons with Notice. *See* Summons with Notice, attached hereto as Exhibit A.

2. Defendant received a copy of the Summons with Notice via process server on Defendant's registered agent on June 9, 2021. *See* Affidavit of Service, attached hereto as Exhibit B.

3. In the Summons with Notice, Plaintiff purports to assert causes of action against Defendant for discrimination and retaliation in purported violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., the New York State Human Rights Law, N.Y. Exec Law § 290, *et seq*., and the New York City Human Rights Law, N.Y. Admin Code 8-101, *et seq*. Plaintiff also purports to assert a claim against Defendant for retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq*. *See* Summons with Notice, Exhibit A.

4. No further processes, pleadings, or orders have been served on Defendant.

## II. GROUNDS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

### A. The Court Has Original Jurisdiction Under 28 U.S.C. § 1331

6. Under 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. This action is properly removed to this Court by Notice of Removal because the Court has federal question jurisdiction over Plaintiff's claims under Title VII and the FMLA.

8. Therefore, this action is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1331, and, thus, removal is proper under 28 U.S.C. § 1441.

### B. The Court Has Original Jurisdiction Under 28 U.S.C. § 1332

9. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

10. Upon information and belief, Plaintiff is a resident and domiciliary of the State of New York. Plaintiff is an individual, and, therefore, is a citizen of New York for purposes of 28 U.S.C. § 1332.

11. Defendant is and was at all times material hereto an incorporated company organized and existing under the laws of Delaware, with its principal place of business located in Fort Worth, Texas at 1 Skyview Drive. Defendant is a corporation and, therefore, is deemed a citizen of Delaware and Texas for purposes of 28 U.S.C. § 1332.

12. In the Summons with Notice, Plaintiff alleges that he is seeking damages in excess of $1,000,000. *See* Summons with Notice, Exhibit A.

13. Therefore, this Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, removal also is proper under 28 U.S.C. § 1441.

14. As such, Defendant can remove to this Court under 28 U.S.C. §§ 1441 and 1446.

### III. THE PROCEDURAL REQUIREMENTS OF REMOVAL HAVE BEEN SATISFIED

### A. Venue is Proper in the Southern District of New York

15. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Southern District of New York is the federal judicial district

and division embracing the Supreme Court of the State of New York, County of New York, where Plaintiff originally filed this action. *See, generally*, Summons with Notice, Exhibit A.

  **B.**  **Defendant Has Timely Filed Its Notice of Removal**

  16. Defendant was served with a copy of the Summons with Notice on June 9, 2021. *See,* Affidavit of Service, Exhibit B.

  17. Therefore, this Notice of Removal is timely filed within 30 days after the receipt by Defendant of a copy of the pleading, motion, order or other paper from which it could be ascertained that the case has become removable, pursuant to 28 U.S.C. § 1446(b).

  **C.**  **The Notice of Removal Complies with 28 U.S.C. §§ 1445 and 1446**

  18. This action is not an action described in 28 U.S.C. § 1445.

  19. In compliance with 28 U.S.C. § 1446(d), Exhibits A and B attached hereto constitute all process, pleadings, and orders that have been filed in the State Court Action.

  20. A copy of this Notice of Removal has been served upon Plaintiff's counsel by overnight Federal Express and email, and a copy of the Notice of Removal is being filed with the Clerk of the Supreme Court for the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(d).

  21. Based on the foregoing, the requirements for removal under 28 U.S.C. §§ 1441 and 1446 are met and this action is, therefore, properly removed to the United States District Court for the Southern District of New York.

  22. By filing a Notice of Removal, Defendant does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

WHEREFORE, Defendant respectfully requests that the above-captioned action pending against it in the Supreme Court of the State of New York, County of New York, be removed therefrom to this Court for further proceedings.

                                      Respectfully submitted,

Dated: July 9, 2021
      New York, New York               MORGAN, LEWIS & BOCKIUS LLP

                                    By:    */s/ Melissa C. Rodriguez*
                                                Melissa C. Rodriguez
                                                Michael F. Fleming
                                                101 Park Avenue
                                                New York, New York 10178
                                                (212) 309-6000
                                                melissa.rodriguez@morganlewis.com
                                                michael.fleming@morganlewis.com

                                                *Attorneys for Defendant*
                                                *American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby affirm that I caused to be served a true and correct copy of Defendant's Notice of Removal by overnight Federal Express, this 9th day of July, 2021, on:

Andrew Miltenberg, Esq.
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, NY 10001

*Attorneys for Plaintiff*

I affirm that the foregoing is true under penalties of perjury.

/s/ Melissa C. Rodriguez
*Melissa C. Rodriguez*