UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN FRANCO

      Plaintiff,

                                                  Case No.: 1:21-cv-05918

v.

AMERICAN AIRLINES, Inc.,

      Defendant.

## <u>REDACTED</u> DECLARATION OF SUSAN KAPLAN AND ROBERT RAMBADADT IN SUPPORT OF OUR MOTION TO WITHDRAW AS COUNSEL OF RECORD

**SUSAN KAPLAN, ESQ.** and **ROBERT RAMBADADT, ESQ.** each declare as follows pursuant to 28 U.S.C. §1746:

1. This office along with Robert Rambadadt and myself, Susan Kaplan, represent Plaintiff Justin Franco in this action. We are both attorneys in good standing and duly admitted to practice law in the State of New York and before this Court. We submit this declaration in support of our Motion to Withdraw as Counsel of Record for Mr. Franco.

2. Plaintiff filed his complaint in this action on September 3, 2021 asserting discrimination and retaliation claims pursuant to Title VII, FMLA as well as New York State and New York City human rights laws in connection with his termination of employment with Defendant American Airlines in May of 2020.

3. We appeared on behalf Mr. Franco in this case as of August 1, 2022 pursuant to a Consent Order granting substitution of his prior attorneys (ECF No. 31).

4. Prior to our retention, most of the document discovery had been produced and Plaintiff was deposed. During our retention thus far, we engaged in scheduling further

depositions, and Mr. Rambadadt appeared at one of two scheduled depositions. One deposition that was held on Oct. 12, 2022 was not completed and has not yet been rescheduled. Moreover, Defendant's counsel represented to Mr. Rambadadt that he was seeking more documents from the witness. The deadline for discovery is to be completed by October 21, 2022 (ECF No. 48). Defendant's counsel have repeatedly indicated that they will file a motion for summary judgment.

5. This case is not trial ready. Accordingly, withdrawal of Plaintiff's counsel will not impact on the progress of the case. *See City Mdse. Inc. v Tian Tian Trading, Inc.*, 2021 US Dist LEXIS 6724, at *10-11 [SDNY Jan. 13, 2021, No. 1:19-cv-09649-MKV] (Determining that "[a]lthough the discovery deadlines initially set by the Court have passed, Plaintiff itself emphasizes that there are discovery issues that remain outstanding. (Letter Resp. 2 n.4.) In all events, this case "is not on the verge of trial readiness." *Marciano*, 2016 U.S. Dist. LEXIS 202519, 2016 WL 11703590, at *2 (quoting *Winkfield*, 2013 U.S. Dist. LEXIS 12093, 2013 WL 371673, at *1). . . . Accordingly, the Court finds that the reasons for the withdrawal outweigh any impacts the withdrawal might have on the progress of the case. *See Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469, 2011 U.S. Dist. LEXIS 16674, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (granting motion to withdraw where the case was "not on the verge of being tried" and "[h]olding counsel in th[e] proceeding [would] do nothing to speed the litigation"); *Brown*, 1994 U.S. Dist. LEXIS 16572, 1994 WL 660533, at *3 (concluding that granting the motion to withdraw would "not likely cause undue delay" where discovery was incomplete and the case was not scheduled for trial)).

6. REDACTED

7. REDACTED

8. REDACTED

9. This is one of many such similar exchanges. REDACTED

10. Moreover, Plaintiff unilaterally attempted to resolve the case by sending a REDACTED video to Defendant's CEO without our knowledge or consent, and he informed us after the fact. Defendant has asserted that the video leaked to bloggers REDACTED

11. Such actions have rendered it unreasonably difficult for us to carry out our employment effectively and communication with Plaintiff has deteriorated from non-communicative to non-existent. REDACTED

12. On information and belief REDACTED

13. We have acted in good faith in trying to resolve this issue before making this motion to withdraw REDACTED. We were retained on a contingency fee basis and we do not hereby seek a retaining or charging lien or any compensation for our services regardless of the outcome of this case.

14. We therefore move pursuant to Local Rule 1.4 of this District, which provides as follows:

    An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

15. It is also well settled that the failure of a client to cooperate with counsel in the prosecution or defense of an action and failure to communicate effectively and constructively with counsel are satisfactory reasons permitting an attorney to be released from the obligation of continuing to represent the attorney's client. *See City Mdse. Inc. v*

*Tian Tian Trading, Inc.*, 2021 US Dist LEXIS 6724, at *8-9 [SDNY Jan. 13, 2021, No. 1:19-cv-09649-MKV] (Finding that "courts have found that serious disagreements over litigation strategy and a breakdown in communication between attorney and client are grounds sufficient for withdrawal. *See Whiting*, 187 F.3d at 322 (finding that "appellee's desire both to dictate legal strategies to his counsel and to sue counsel if those strategies are not followed places [counsel] in so impossible a situation that he must be permitted to withdraw"); *Marciano*, 2016 U.S. Dist. LEXIS 202519, 2016 WL 11703590, at *2 (granting motion to withdraw given the "complete rupture" and "breakdown in attorney-client relationship") . . . . *Munoz v. City of New York*, No. 04-CV-1105, 2008 U.S. Dist. LEXIS 55297, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (finding "good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff" (citation omitted)); *Menella's Poultry Co. v Am. Sirloin Meat Co.*, 2014 US Dist LEXIS 99613, at *3 [SDNY July 17, 2014, No. 13-CV-8984 (LTS)(KNF)] ("In the Southern and Eastern Districts of New York, the term 'satisfactory reasons' [for withdrawing as counsel] has been construed to include 'failure to pay legal fees, a client's lack of cooperation — including lack of communication with counsel, *and the existence of an irreconcilable conflict between attorney and client.[emphasis added]*" In re Fosamax Prods. Liability Litig., No. 06-MD-1789, 2012 U.S. Dist. LEXIS 82024, 2012 WL 2122166, at *2 (S.D.N.Y. June 12, 2012) (citation omitted)".

WHEREFORE, we respectfully request that this Court grant this motion and permit Mr. Rambadant and myself to (a) withdraw as counsel of record for the Plaintiff pursuant to this

Court's Local Rule 1.4; (b) grant Plaintiff thirty (30) days for him to retain new counsel; and (c) grant such other relief as the Court may determine to be just, equitable and necessary.

Susan Kaplan and Robert Rambadadt each hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         October 13, 2022

_____                             /s/ Robert Rambadadt
Susan Kaplan                                        Robert Rambadadt