UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUSTIN FRANCO,

                Plaintiff,                      <u>ORDER</u>

       -against-                       21-CV-5918 (PGG) (JW)

AMERICAN AIRLINES, INC.,

                Defendant.
-----------------------------------------------------------------
**JENNIFER E. WILLIS, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff's counsel Susan Kaplan and Robert Rambadadt move to withdraw as counsel of record for Plaintiff (the "Motion"). For the foregoing reasons, the Motion is granted.

## BACKGROUND

      On July 9, 2021, this case was removed from the Supreme Court of the State of New York to this court. Dkt. No. 1. On September 3, 2021, Plaintiff, a former employee of Defendant, filed a complaint for violations of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law, alleging that Defendant failed to provide Plaintiff with a work environment free from discrimination, retaliation, and harassment. <u>Id</u>. Discovery has largely been completed, but the Court extended discovery for the third time to October 21, 2022 solely to allow Defendant to depose Mr. Soogrim and Dr. Haber, Mr. Soogrim to produce documents in response to Defendant's subpoena, and Plaintiff to depose Ms. Coplin and Ms. Thomas. Dkt. No. 48. Thereafter, Plaintiff's counsel filed the Motion (Dkt. Nos. 49, 50), and the Court granted Defendant's request to stay discovery pending a decision on Plaintiff's counsel's motion. Dkt. No. 53. Defendant then responded to the Motion. Dkt. No. 54.

## DISCUSSION

      Local Civil Rule 1.4 provides:

>An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

"Satisfactory reasons" include the client's "failure to pay legal fees, a client's lack of cooperation – including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc., No. 01-CV-2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (internal quotation marks and citation omitted). A court may also consider whether the motion is opposed, see Stair v. Calhoun, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010), or whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320-21 (2d Cir. 1999) (internal quotation marks and citation omitted) (alteration in original). Ultimately, the decision "[w]hether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." S.E.C. v. Gibraltar Global Secs., Inc., No. 13-CV-2575 (GBD) (JCF), 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015) (internal quotation marks and citations omitted).

Plaintiff's counsel states that their exchanges with Plaintiff and Plaintiff's actions have made it "unreasonably difficult for us to carry out our employment effectively and communication with Plaintiff has deteriorated from non-communicative to non-existent." Dkt. No. 49-1 ¶ 11. The Court finds that Plaintiff's counsel's ex parte sworn declaration (Dkt. No. 50) provides sufficient grounds for withdrawal from the case. The case is at the end of discovery and is not on the verge of trial. There are no pending motions before the Court other than the instant Motion. The parties will submit pre-motion conference letters to Judge Gardephe following the close of discovery. Moreover, Defendant only opposes the motion "to the extent it seeks to extend the discovery

deadline on behalf of Plaintiff to complete discovery that Plaintiff chose not to complete during the current discovery period." Dkt. No. 54 at 1.  Accordingly, the Motion is granted.

## CONCLUSION

For the reasons stated above, the Motion is granted.  Discovery is extended until **December 15, 2022** to allow Defendant to depose Dr. Haber and Mr. Soogrim.  Given Plaintiff's counsel's difficulty scheduling depositions before filing their motion to withdraw, Plaintiff may depose Ms. Coplin and Ms. Thomas during this extended period of discovery as well.  Defendant may request to reopen discovery related to the testimony given during its depositions of Dr. Haber and Mr. Soogrim after Plaintiff has located new counsel or filed an appearance pro se.  Plaintiff must locate new counsel or file an appearance pro se by **November 15, 2022**.  Parties seeking to make post-discovery dispositive motions should submit a letter to Judge Gardephe in accordance with Rule 4(A) of Judge Gardephe's Individual Practices by **January 9, 2023**.  Opposition letters are due **January 12, 2023**.

The Clerk of Court is respectfully directed to close docket numbers 49 and 50.

SO ORDERED.

Dated: October 26, 2022
New York, New York

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge