UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN FRANCO,

                         Plaintiff,

-against-

AMERICAN AIRLINES, INC.,

                         Defendant.

21-CV-5918 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

       Plaintiff Justin Franco alleges employment discrimination and retaliation on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). He additionally alleges that Defendant American Airlines, Inc. retaliated against him for requesting a leave of absence in violation of the Family and Medical Leave Act ("FMLA"). Defendant moved for summary judgment on all claims. *See* ECF No. 77.

       The motion for summary judgment was referred to Magistrate Judge Willis for a Report and Recommendation. ECF No. 84. In the Report and Recommendation filed on February 16, 2024, Judge Willis recommended that the motion be granted. ECF No. 115 ("R&R"). On March 11, 2024, this Court adopted the R&R in its entirety. ECF No. 119. On March 15, 2024, two letters from Plaintiff were filed. *See* ECF Nos. 121–22. The first letter, dated February 29, 2024, requested an additional 30 days – past the March 1, 2024 deadline – to file any objections to the R&R. ECF No. 122. The second letter, dated March 15, 2024, noted that the letter dated February 29, 2024 was not docketed and asked that the case be reopened. ECF No. 121. The Court acknowledged that the letter at ECF No. 122 requesting an extension of time for filing objections was in fact emailed on February 29, 2024, directed the Clerk of Court to reopen the

case, and extended the deadline to object to the R&R. ECF No. 123. Plaintiff filed his objections on April 19, 2024, *see* ECF No. 125 ("Pl. Obj."), and Defendant responded on May 5, 2024, *see* ECF No. 126. For the reasons stated herein, the Court ADOPTS the R&R in its entirety and GRANTS summary judgment to Defendant on all claims.

## LEGAL STANDARD

The Court sets forth the legal standards governing review of a magistrate judge's report and recommendation and a motion for summary judgment.

### I. Review of Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed

may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

**II.    Motion for Summary Judgment**

To prevail on a motion for summary judgment, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears the burden of demonstrating the absence of a question of material fact. *Celotex Corp.*, 477 U.S. at 322. When the movant properly supports her motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing "particular parts of materials in the record" to survive the summary judgment motion. Fed. R. Civ. P. 56(c)(1)(A); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "Only disputes over facts that might affect the outcome of the suit under the governing law" preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, a court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trustees of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir. 1997)).

**DISCUSSION**

The Court adopts the recitation of facts set forth in the R&R and assumes the parties' familiarity therewith. The Court considered all objections raised by Plaintiff, and for the reasons stated herein, finds them to be unavailing. Accordingly, the Court grants Defendant's motion for summary judgment.

**I.     Plaintiff Cannot Sustain a Claim that Was Raised for the First Time in Opposition to Summary Judgment**

Plaintiff argues that he established a *prima facie* case of discrimination based on his national origin and sexual orientation. Pl. Obj. at 4. Specifically, he contends that his claim for discrimination based on sexual orientation should not be dismissed at this juncture, because although the claim was not asserted in his Complaint, after learning that his previous attorney did not include this claim, he terminated the attorney's services and proceeded *pro se*. *Id*. This does not alter Judge Willis's conclusion that Plaintiff cannot sustain a claim raised for the first time in opposition to summary judgment. *See* R&R at 26 (citing *Avillan v. Donahoe*, 483 F. App'x 637, 639 (2d Cir. 2012)); *see also Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13 (2d Cir. 2013) (affirming district court's decision not to address claims by *pro se* litigant not raised in the complaint). Therefore, the R&R did not err in refraining from considering the allegations of discrimination on the basis of sexual orientation that Plaintiff did not plead or defend in his opposition papers.

**II.    There Is No Genuine Issue of Material Fact Regarding an Inference of Discrimination or Discriminatory Intent**

Plaintiff also objects to the R&R's finding that Plaintiff has not demonstrated an inference of discrimination. Pl. Obj. at 7. To establish a *prima facie* case of discrimination under Title VII, Plaintiff must show that the adverse employment action took place under circumstances giving rise to the inference of discrimination. *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 270 (2d Cir. 2023) (internal citation omitted). The standard is the same under the NYSHRL. *See Wheeler v. Praxair Surface Techs., Inc.*, 694 F. Supp. 3d 432, 455 (S.D.N.Y. 2023). To prevail on liability under the NYCHRL, "the plaintiff need only show differential treatment— that she is treated 'less well'—because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (internal citation omitted).

4

Plaintiff argues that the R&R failed to acknowledge the significance of Manager Mohr's statement advising Plaintiff not to "air out his dirty laundry to the VP of Philadelphia Jim Moses." Pl. Obj. at 7. Although Plaintiff contends that the statement "bears the hallmarks of a derogatory remark," *see id.*, "it does not reference any of Plaintiff's protected characteristics, nor any comments or treatment related to Plaintiff's racial identities," *see* R&R at 34. The statement is insufficient to create a genuine issue of material fact, in the context of the other evidence, that the adverse employment action took place under circumstances giving rise to an inference of discrimination or that Plaintiff was treated less well than other employees because of his protected characteristics. And, even if this statement were to create a genuine issue of material fact, the Court finds no error with the R&R's conclusion that Defendant offered legitimate non-discriminatory performance issues as the reason for Plaintiff's firing and that Plaintiff has not satisfied his burden to establish pretext or that discrimination was a factor in his termination. *See* R&R at 38–39. The Court therefore grants Defendant's motion for summary judgment on the employment discrimination claims.

**III.    There Is No Genuine Issue of Material Fact Regarding Alleged FMLA Retaliation**

Plaintiff additionally objects to the R&R's finding that he did not establish a *prima facie* case of FMLA retaliation. Pl. Obj. at 2–3. As stated in the R&R, the decision to terminate Plaintiff occurred before his FMLA request was filed and "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." R&R at 45 (quoting *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001), *as amended* (June 6, 2001)). Plaintiff concedes that evidence submitted in support of Defendant's motion for

5

summary judgment "demonstrate[s] a premeditated discussion by Human Resources about [his] termination that occurred prior to [his] FMLA leave request." Pl. Obj. at 2.

Plaintiff's general objection that the R&R did not fully consider the suggestive timing and sequence of events documented, restating arguments already raised in his opposition to the motion for summary judgment, does not convince the Court. And Plaintiff does not provide any evidence that "advice regarding FMLA leave was proffered to [him] before the contemplated dismissal," so as to "creat[e] an inference that [his] termination was under consideration in retaliation for [his] intended use of FMLA leave." *See id*. Plaintiff also does not show how "consistent advisement from HR to consider FMLA leave," *id*. at 3, would lead to the inference that Plaintiff's job was terminated for requesting FMLA leave. The Court therefore grants summary judgment to Defendant on the cause of action for retaliation in violation of the FMLA.

## IV.   Plaintiff Cannot Introduce New Evidence at this Juncture

Plaintiff argues that the R&R did not sufficiently consider the deposition of his primary care physician in determining that his claim for a hostile work environment fails as a matter of law. *Id*. at 8. The deposition of Plaintiff's primary care physician was not included in the summary judgment materials, nor was it submitted to the Court with Plaintiff's objection. "[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation," and will only do so in the rare case "where the party objecting to a Report has offered a most compelling reason for the late production of such evidence or a compelling justification for its failure to present such evidence to the magistrate judge." *Fischer*, 286 F. Supp. 3d at 603 (cleaned up). Plaintiff has done neither. Moreover, Plaintiff has made no argument that the deposition of his primary care physician provides factual support for his claims; instead, Plaintiff argues that the deposition provides insight into the effects of the work environment on his physical and psychological well-being. *See* Pl. Obj. at 8. Accordingly, and

adducing no clear error with respect to the R&R, the Court adopts the recommendation that Defendant's motion for summary judgment on the hostile work environment claims be granted.

## V. Judge Willis Did Not Err in Precluding Exhibit A

Plaintiff also takes issue with Judge Willis's exclusion of Exhibit A, an affidavit from a former employee of Defendant who alleges she experienced discrimination as a Black woman while working for Defendant. *See* Pl. Obj. at 5; ECF No. 114 at 3. The decision to exclude Exhibit A was not part of the R&R on Defendant's summary judgment motion, but rather part of a separate order that considered, among other issues, Defendant's motion to strike certain documents. *See* ECF No. 114. When reviewing the decision of a magistrate judge on a non-dispositive pretrial issue, a district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). And even if the Court were to consider the exclusion of Exhibit A as dispositive, which it is not, Plaintiff reiterates his earlier arguments, thereby also invoking the clear error standard. The Court finds no clear error in Judge Willis's holding denying Plaintiff's request to consider Exhibit A, based upon the finding that Plaintiff's failure to notify Defendant of a potential witness until summary judgment briefing was not substantially justified or harmless. *See* ECF No. 114 at 5.

## CONCLUSION

To the extent that the Court has not specifically addressed any of Plaintiff's objections herein, the Court has considered them and finds them without merit. The R&R is ADOPTED in

its entirety and Defendant's motion for summary judgment is GRANTED. The Clerk of Court is directed to close the case and to mail a copy of this Order to Plaintiff.

Dated: October 18, 2024
      New York, New York

                                         SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge